### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BERNIECE WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **No. 08-2631-KHV** |
| ) | |
| **UNITED STATES DEPARTMENT OF JUSTICE;** ) | |
| **FEDERAL BUREAU OF PRISONS;** ) | |
| **U.S.P. IN LEE COUNTY, VIRGINIA; U.S. MEDICAL** ) | |
| **CENTER IN SPRINGFIELD, MISSOURI; and** ) | |
| **U.S.P. IN FLORENCE, COLORADO;** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

Plaintiff brings suit pro se against the United States Department of Justice, the Federal Bureau of Prisons, the United States Penitentiary in Lee County, Virginia, the United States Medical Center in Springfield, Missouri and the United States Penitentiary in Florence, Colorado. On December 15, 2008, the Court granted plaintiff's motion to proceed in forma pauperis and denied her motion to appoint counsel. See Docs. ##4, 5. On February 19, 2009, the Court entered a notice and order to show cause why it should not dismiss the case without prejudice for lack of personal jurisdiction and improper venue. See Doc. #15. This matter comes before the Court on plaintiff's responses to the show cause order.[1]

In her complaint, plaintiff claims that two of her sons were falsely accused, illegally represented, illegally convicted and sentenced, and are now being physically and mentally abused by prison staff. Civil Complaint (Doc. #1) filed December 15, 2008 at 3-4. Plaintiff purports to

---

[1] Plaintiff filed two responses to the show cause order. See Docs. ## 17, 18. The Court has reviewed both responses.

bring suit under three federal criminal statutes: 18 U.S.C. §§ 241, 242 and 245.[2] Plaintiff also purports to sue under 42 U.S.C. § 2000bb-1 (the Religious Freedom Restoration Act) ("RFRA"), 42 U.S.C. § 1997a (which authorizes the United States Attorney General to civilly enforce 42 U.S.C. § 1997 against states or state actors), and 42 U.S.C. § 2000cc-2 (the Religious Land Use and Institutionalized Persons Act) ("RLUIPA"). Though her complaint is not clear, plaintiff also appears to allege that defendants convicted and imprisoned her sons to retaliate against her for having a large family and causing them to lose a murder case. Id. at 4. Plaintiff alleges that defendants are citizens of the District of Columbia, Virginia, Colorado and Missouri. See id. at 2. Although the complaint is not clear, it appears that the alleged acts occurred in Ohio, Colorado and Virginia.[3]

In the show cause order, the Court noted that because defendants do not reside in Kansas and the alleged acts did not occur in Kansas, it appears that the Court lacks personal jurisdiction over defendants and that venue is improper under 28 U.S.C. § 1391(b). See Doc. #10 at 5-6. The Court found that under 28 U.S.C. § 1915(e)(2), it may dismiss the case sua sponte for lack of personal jurisdiction and improper venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Id. at 2-3 (quoting Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) (further citations omitted)). The Court ordered plaintiff to show cause why it should not dismiss her case without prejudice for lack of personal jurisdiction and

---

[2] No private right of action exists under these federal criminal statutes. See Kelly v. Rockefeller, 69 Fed. Appx. 414, 416 (10th Cir. 2003) (no private right of action under 18 U.S.C. §§ 241 or 245); Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F. Supp.2d 17, 23 (D.D.C. 2003) (no private right of action under 18 U.S.C. § 242).

[3] Though plaintiff names the U.S. Medical Center in Springfield, Missouri as a defendant, her complaint makes no further mention of that facility (other than a passing reference to the facility in a letter which plaintiff claims was forged) and none of her claims in this case appear to involve conduct which occurred at that facility.

-2-

improper venue. In so doing, the Court noted that defendants appear to be agencies of the United States and that as such, venue might be proper in the District of Kansas under 28 U.S.C. § 1391(e)(3). See id. at 7.

In response to the show cause order, plaintiff does not dispute that the Court lacks personal jurisdiction and that venue is improper. See Doc. #18 filed March 11, 2008 at 1; Doc. #17 filed March 5, 2009 at 1. Plaintiff asks the Court to transfer the case to Ohio or the District of Columbia.[4] Notwithstanding plaintiff's concession that jurisdiction and venue are not proper, the Court finds that because all defendants in this action are agencies of the United States, venue is proper under 28 U.S.C. § 1391(e)(3). The Court further finds from the face of the complaint that it may be able to exercise personal jurisdiction over two defendants: the United States Department of Justice and the Federal Bureau of Prisons, which have "continuous and systematic" contacts with the State of Kansas. Neither the complaint nor plaintiff's responses to the show cause order demonstrate that the Court has personal jurisdiction over the U.S.P. in Lee County, the U.S.P. in Florence or the U.S. Medical Center in Springfield, Missouri. Accordingly, those three defendants should be dismissed.

Because plaintiff proceeds pro se, the Court affords her some leniency and must liberally construe her complaint. Hall v. Martin, 191 F.R.D. 617, 619 (D. Kan. 2000). However, with regard to all in forma pauperis proceedings, the Court has a mandatory duty to determine whether they fall within any of the causes for dismissal set forth in 28 U.S.C. § 1915(e)(2)(B).[5] Furthermore, the

---

[4] Plaintiff does not specify the court in Ohio to which she would like the case transferred.

[5] Section 1915(e)(2) states in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> (continued...)

liberal treatment is not without limits – pro se plaintiffs must follow the same rules of procedure that govern other litigants. Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). The Tenth Circuit applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Fed. R. Civ. P. and looks for plausibility in the complaint: in particular, whether the specific allegations in the complaint plausibly support a legal claim for relief. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Accordingly, plaintiff's claims under 18 U.S.C. §§ 241, 242 and 245 are dismissed because no private right of action exists under these federal criminal statutes. See Kelly, 69 Fed. Appx. 414, 416; Rockefeller, 248 F. Supp.2d at 23. Plaintiff's claims under 42 U.S.C. § 1997a, which authorizes the United States Attorney General to bring a civil enforcement action against a State, are dismissed because plaintiff does not have authority to bring suit under this statute.[6] Plaintiff's claims under 42 U.S.C. §§ 2000bb-1 and 2000cc-2 are dismissed because plaintiff does not allege that the government has substantially burdened her exercise of religion.[7]

To the extent plaintiff has an actionable claim that the United States Department of Justice

---

[5](...continued)
  paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal-(i) is frivolous or malicious;(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[6]  To the extent plaintiff was attempting to sue under § 1997e rather than § 1997a, her claim still warrants dismissal because plaintiff lacks standing to assert a civil rights action on behalf of her sons. Kelly, 69 Fed. Appx. 414, 416; Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990); see also Memorandum and Order, Williams v. Franklin Co. Coroners, No. 08-2665-CM (Doc. #12) filed March 12, 2009.

[7]  To the extent plaintiff purports to bring RFRA and RLUIPA claims on behalf of her imprisoned sons, those claims fail because plaintiff lacks standing to assert civil rights actions on their behalf. Kelly, 69 Fed. Appx. 414, 416; Archuleta, 897 F.2d at 497; see also Memorandum and Order, Williams, No. 08-2665-CM (Doc. #12) filed March 12, 2009.

and the Federal Bureau of Prisons convicted and imprisoned her sons to retaliate against her, the claim appears to fall under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.[8] The FTCA, however, bars claimants from bringing suit for money damages in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a). Plaintiff has not alleged that she presented this claim to either the United States Department of Justice or the Federal Bureau of Prisons.[9] This claim is therefore dismissed, because plaintiff failed to exhaust administrative remedies as required by the statute, which deprives this court of subject matter jurisdiction. Logan v. United States, 272 F. Supp.2d 1182, 1186 (D. Kan. 2003); see also Bailey v. United States, 992 F.2d 1222 (table) at *1 (10th Cir. 1993) (affirming sua sponte dismissal under 28 U.S.C. § 1915 for failure to exhaust administrative remedies). Further, plaintiff's claim is arguably barred by 28 U.S.C. § 2860(h), which excludes from the FTCA waiver of sovereign immunity claims "arising out of . . . false imprisonment, false arrest, abuse of process, or malicious prosecution."

---

[8] While generally sovereign immunity shields the United States and its agencies from suits, the FTCA waives that immunity (which is jurisdictional) in suits for money damages for injury or loss of property negligently or wrongfully caused by Government employees acting within the scope of their employment. Logan, 272 F. Supp.2d at 1186. The FTCA requires claimants to follow certain administrative procedures before the claimant may seek relief from the federal court system. Id. The claim must be filed in writing with the appropriate agency within two years after it accrues; otherwise, it is "forever barred" from filing. Id.

[9] In addition to $375,000 in money damages, plaintiff also seeks as a remedy the release of her two sons "by writ of haebus [sic] corpus." To the extent plaintiff seeks release of her sons from prison, the proper course would be for each of her sons to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. If for some reason one or both are unable to petition the court personally due to mental incapacity, lack of access to the court, or some other disability, plaintiff may then petition on their behalf, but she herself cannot be a party to the habeas corpus action. Ransome v. Leach, No. 7:08cv00403, 2008 WL 3850220, at *4 (W.D.Va. Aug. 15, 2008). Rather, she must pursue the cause on behalf of the detainee, who remains the real party in interest. Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (citing Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

**IT IS THEREFORE ORDERED** that plaintiff's claims are dismissed.

.      Dated this 12th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
